IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HUBERT QUENTELL WARREN, § <br> No. 1118784, § <br> § <br> Petitioner, § <br> § <br> v. § <br> § NO. 3:05-CV-0331-L <br> DOUGLAS DRETKE, Director § <br> Texas Department of Criminal Justice, § <br> Correctional Institutions Division, § <br> § <br> Respondent. § | |

## **MEMORANDUM OPINION AND ORDER**

This is a habeas case brought under 28 U.S.C. § 2254. Pursuant to 28 U.S.C. §636(b), and an order of the court in implementation thereof, this action was referred to the United States magistrate judge for proposed findings and recommendation. On July 28, 2005, the Findings, Conclusions and Recommendation of the United States Magistrate Judge were filed, to which Petitioner filed objections on August 8, 2005.

**I.   Relevant Background**

A brief recitation of the facts is essential to understanding both the magistrate judge's findings and conclusions, and Petitioner's objections thereto.[*] At 10:00 p.m. on January 13, 2002, Dallas Area Rapid Transit ("DART") police officers, Jospeh Wetzel and Adria Worsham, asked passengers on a DART train leaving the St. Paul station for their tickets. When Officer Wetzel asked Petitioner Hubert Quentell Warren ("Petitioner") for his ticket, Petitioner shook his head "no."

---

[*]The court's recitation of facts is taken from the Fifth Court of Appeals slip opinion affirming Petitioner's convictions. *See Warren v. Texas*, Nos. 05-02-01329-CR and 05-02-01330-CR, slip op. (Tex. App. – Dallas 2003, no pet.).

**Memorandum Opinion and Order – Page 1**

Officer Wetzel asked Petitioner why he did not have a ticket, and Petitioner continued to shake his head "no," and also pointed to his mouth. Officer Wetzel then gave Petitioner a piece of paper and asked him to write his name and date of birth on the paper. Petitioner wrote his name on the piece of paper. Subsequently, Officer Wetzel told Petitioner he had to get off the train, and Warren shook his head "no" again. The officers escorted Petitioner off the train and continued to request identification, which Petitioner refused to give. Officer Wetzel warned him he would be taken to jail for theft of services if he did not comply. Petitioner held out his hands and the officers handcuffed him. Thereafter, Petitioner began cursing and yelling obscenities at the officers and threatened to kill the officers. Officer Wetzel testified that he took Petitioner's threats seriously and searched Petitioner and found a warning citation that another DART officer had issued to Petitioner that very morning. During the trip in the patrol car back to the police station, Petitioner continued to threaten the lives of the officers, stating he would kill them when he got out of jail, and also threatened to kill President George W. Bush.

On July 31, 2002, a jury found Petitioner guilty of two third-degree felony offenses of retaliation in cause numbers F02-19763-QH and F03-19764-QH, enhanced by two prior felony convictions. On August 1, 2002, Petitioner was sentenced to a twelve-year term on each conviction, to run concurrently. His convictions were affirmed on appeal. *See Warren v. Texas*, Nos. 05-02-01329-CR and 05-02-01330-CR, slip op. (Tex. App. – Dallas 2003, no pet.). Petitioner did not file a petition for discretionary review. On March 8, 2004, Petitioner filed two state writ applications challenging his convictions for retaliation. The Texas Court of Criminal Appeals denied Petitioner's applications without written order on findings of the trial court without a hearing on January 26, 2005. Petitioner filed a federal petition for the writ of habeas corpus in the United States District

**Memorandum Opinion and Order – Page 2**

Court for the Southern District of Texas on February 17, 2005. This case was transferred to this district court on February 17, 2005.

## II.     Legal Standard for Review of Application for Writ of Habeas Corpus

The standard of review in federal habeas proceedings is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2005). This statute applies to all federal habeas corpus petitions filed after April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 327 (1997).

Section 2254(d)(1) concerns pure questions of law as well as mixed questions of law and fact. *See Martin v. Cain*, 246 F.3d 471, 475 (5th Cir.), *cert. denied*, 534 U.S. 885 (2001). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). With respect to the "unreasonable application" clause, a federal court may grant the writ of habeas corpus if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*; *see also Wiggins v. Smith*, 539 U.S. 510, 520

**Memorandum Opinion and Order – Page 3**

(2003); *Pondexter v. Dretke*, 346 F.3d 142, 145-46 (5th Cir. 2003), *cert. denied*, 541 U.S. 1045 (2004). Stated differently, "a federal court may grant relief when a state court has misapplied a 'governing legal principle' to 'a set of facts different from those of the case in which the principle was announced.'" *Wiggins*, 539 U.S. at 520 (quoting *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003)). In order for a federal court to find the state court's application of Supreme Court precedent "unreasonable," the state court decision must be more than incorrect or erroneous--the application of clearly established federal law must have been "objectively unreasonable." *Id.* at 520-21 (citing *Williams*, 529 U.S. at 409); *see also Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001).

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000), *cert. denied*, 532 U.S. 949 (2001). Under § 2254(d)(2), a federal court must give deference to state court findings unless they were "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir.) (as modified on denial of rehearing), *cert. denied*, 531 U.S. 1002 (2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the prisoner rebuts the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

### III. The Magistrate Judge's Findings

In his Petition for the Writ of Habeas Corpus, Petitioner contended that: (i) he received ineffective assistance of counsel when his attorney failed to investigate, object to, and/or cross-examine Officer Wetzel regarding the possibility that Officer Wetzel obstructed justice in losing the paper upon which Petitioner had written his name, and when his attorney failed to poll the jury; (ii) that Officer Wetzel obstructed justice when he lost the piece of paper upon which Petitioner had

**Memorandum Opinion and Order – Page 4**

written his name; and (iii) negligence, under which Petitioner listed ineffective assistance of counsel, obstruction of justice and polling the jury. Fed. Writ. Pet. at 7-8.

The magistrate judge rejected Petitioner's arguments. With regard to the ineffective assistance of counsel claim, the magistrate judge found that Petitioner had failed to satisfy either prong of the test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (to prevail on an ineffective assistance of counsel claim, the petitioner must show by a preponderance of the evidence, that counsel's performance was deficient *and* that the deficient performance prejudiced the defense). Findings at 3. As the magistrate judge stated:

> [Petitioner] contends that his counsel was ineffective in failing to object when one of the victim DART officers was unable to produce a sheet of paper on which [Petitioner] wrote his name. There was in fact no basis on which the attorney could have objected. The constitution does not require counsel to make futile and baseless objections. Moreover, Petitioner cannot establish prejudice . . . Although it is obvious from [Petitioner's] testimony at the trial that he personally considered the fact that he wrote his name on a piece of paper foreclosed the officers' authority to arrest him for riding the DART train without having paid the required fare, whether he did or did not provide the officers with sufficient personal identification information is wholly irrelevant to the offenses for which he was convicted.

*Id.* at 3-4 and at footnote 1. The magistrate judge next rejected Petitioner's claim that his counsel erred in failing to poll the jury, since the record reflects that the court asked for and received a show of hands for each verdict, which was unanimous on both counts, and Petitioner "has not asserted any reason why this method, rather than an individual verbal poll of the jury, prejudiced him." *Id.* at 4. With regard to Petitioner's claims of obstruction of justice and negligence, the magistrate judge rejected these claims since Petitioner failed to raise these grounds in either of his state habeas applications, and therefore failed to exhaust his remedies and, additionally, because neither claim implicates a federal constitutional right. *Id.* Based on these findings the magistrate judge concluded that: "Petitioner has failed to demonstrate that the Texas court's denial of relief was the result of a

**Memorandum Opinion and Order – Page 5**

decision which unreasonably applied federal law or that such denial was an unreasonable determination of the facts." *See* Findings at 5 (citing 28 U.S.C. § 2254(d)(1) and (2)).  The magistrate judge therefore recommended that the petition be denied.  *Id.*

IV.   **Petitioner's Objections**

In his Objections, Petitioner essentially reiterates the arguments he raised in his initial petition.  His first objection is that the magistrate judge should have granted his petition for the writ of habeas corpus since Officer Wetzel obstructed justice by losing the piece of paper, which Petitioner characterizes as a "main piece of evidence," and that the earlier DART warning ticket should not have been used against him.  *See* Objections at 1-2. Petitioner insists that he wrote his name, age and address on the piece of paper lost by Officer Wetzel.  *Id.* at 2.  The court **overrules** this objection.   As the magistrate judge correctly found, "Petitioner failed to raise this ground in either state habeas petition and he has therefore failed to exhaust his administrative remedies." Findings at 4.  Moreover, obstruction of justice is not a cognizable federal habeas claim and Petitioner has failed to show how the state court adjudication resulted in a decision that is contrary to or involves an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States.  *See* 28 U.S.C. § 2254(d)(1) .

Petitioner's second objection is that he received ineffective assistance of counsel when his attorney failed to investigate, object to, and/or cross-examine Officer Wetzel regarding the possibility that Officer Wetzel obstructed justice in losing the paper upon which Petitioner had written his name. Objections at 2-3.  Specifically, Petitioner states that his "court appointed attorney clearly fail[ed] to examine or investigate any of the alternatives as to how the main piece of evidence got lost or as to if the two officers were telling a lie in any kind of way." Objections at 4.   The court

**Memorandum Opinion and Order – Page 6**

**overrules** this objection. As the magistrate judge correctly noted, in order to prevail on an ineffective assistance of counsel claim under the well-established *Strickland* test, the Petitioner must show by a preponderance of the evidence that counsel's performance was deficient *and* that the deficient performance prejudiced the defense. *See* Findings at 3. Applying this standard, the magistrate judge found that Petitioner had failed to meet either the deficiency prong or the prejudice prong of *Strickland*. Findings at 3. The court agrees. Even if the Petitioner could establish deficiency, he cannot establish prejudice. The evidence at trial clearly establishes his guilt on the offense of retaliation. Thus, Petitioner cannot prove that the result of the trial would have been different had his attorney acted differently. *See Wilkerson v. Whitley*, 16 F.3d 64, 68 (5th Cir. 1994), *opinion reinstated in part on other grounds*, 28 F.3d 498 (1994) (if facts adduced at trial point overwhelmingly to defendant's guilt that even the most competent attorney would be unlikely to have obtained an acquittal, defendant's ineffective assistance of counsel claim must fail).

## V. Conclusion

Having reviewed the pleadings, file and record in this case, the findings and conclusions of the magistrate judge, and having considered Plaintiff's objections thereto, the court determines that the findings, conclusions and recommendation are correct in recommending denial of Petitioner's petition for the writ of habeas corpus. Accordingly, the court **accepts** the Findings, Conclusions and Recommendation of the United States Magistrate Judge. It is hereby ordered that Petitioner's petition for the writ of habeas corpus is **denied**.

A final judgment dismissing this case with prejudice will be issued by separate document.

**It is so ordered** this 31st day of August, 2005.

Sam A. Lindsay
United States District Judge